## Commonwealth v. Kinzer.

*Maintenance—Divorce—Agreement to continue maintenance.*

An order for maintenance is no longer effective after the parties are divorced, although the parties, before the divorce, entered into an agreement that the amount so ordered should be paid until the wife remarried if there should be a divorce. Such agreement can only be enforced by suit before a magistrate or in the Court of Common Pleas.

Rule to revoke order for maintenance. Q. S. Lancaster Co., Sept. Sess., 1920, No. 64.

*Charles W. Eaby,* for rule.

*John E. Malone* and *Joseph B. Wissler,* District Attorney, contra.

LANDIS, P. J., Dec. 20, 1924.—On June 24, 1920, on the complaint of May F. Kinzer, this court ordered the defendant to pay to the complainant, his wife, the sum of $60 per month, and that she, in addition, should have the use of the house in which she then resided. On Sept. 11, 1920, a rule was granted to modify this order, but on March 21, 1921, it was, by agreement of counsel for the parties, discharged. Prior to this date, namely, on March 5, 1921, the defendant was divorced from his wife on the ground of desertion, but this question does not seem to have been then raised when the rule was disposed of. We think that, unless some good legal reason is shown to the contrary, when the parties ceased to be husband and wife, the order of this court for maintenance fell and was no longer effective.

It is admitted that on Feb. 10, 1921, the parties entered into a written agreement, whereby the defendant agreed that he would pay to the said May F. Kinzer the sum of $60 per month as long as she remained his wife, or in case either party should obtain a divorce, then until her remarriage, without regard to the minority of her children. It is now claimed on her behalf that, because of this agreement, the order for maintenance is still in effect, or that it did not interfere with the order. This position does not seem to us to be sustainable.

It must not be forgotten that the proceeding under which the order was made was a proceeding in a criminal court. Of course, the parties could, outside of the court, enter into such agreements as they saw fit; but their mutual undertakings were contracts enforceable as any other contract is enforced. After they were no longer husband and wife, neither could retain or invoke the process of the Court of Quarter Sessions to compel the carrying out of their obligations under the contract, nor could they continue the order after the divorce even by agreement. If George W. Kinzer fails to carry out his undertaking, he can be sued, and when judgment is obtained against him before a magistrate or in the Common Pleas, that judgment can be collected, if he is responsible financially, as other debts are collected. An order for

Commonwealth *v.* Kinzer.

maintenance ought not to be held *in terrorem* after the situation which caused it has terminated.

We are of the opinion that this order should be marked revoked, and this is accordingly done.

Rule made absolute and order for maintenance revoked.

From George Ross Eshleman, Lancaster, Pa.